UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DELAIZARAH ZGRAGGEN
ROSARIO,

      Plaintiff,

v.                            Case No.:  6:23-cv-743-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff Delaizarah Zgraggen Rosario seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

This case has a long procedural history. Plaintiff applied for supplemental security income benefits on February 14, 2011, alleging disability beginning on July

27, 2008. (Tr. 228, 662-70).[1]  In the most recent decision, the ALJ found that because eligibility for benefits under an SSI application cannot be before the application date, the ALJ treated February 14, 2011 as the alleged onset date. (Tr. 5). The application was denied initially and on reconsideration. (Tr. 228, 230). Plaintiff requested a hearing and on July 8, 2013, a hearing was held before Administrative Law Judge Julia Terry. (Tr. 134-171). On November 29, 2013, ALJ Terry entered a decision finding Plaintiff not under a disability since February 14, 2011, the date the application was filed. (Tr. 258-75). Plaintiff requested review of the decision and the Appeals Council granted review on December 18, 2014, finding the ALJ erred in limiting Plaintiff to a reduced range of sedentary work, but then identified at step five only light jobs. (Tr. 430-34). On May 13, 2015, the Appeals Council issued an unfavorable decision and dismissal. (Tr. 197-204). Plaintiff appealed this decision to the District Court and on June 21, 2016, the Court reversed and remanded the case for further administrative proceedings. (Tr. 172-73).

On remand, ALJ Pamela Houston held a hearing on July 10, 2017, and on October 17, 2017, issued a decision finding Plaintiff had not been under a disability since February 14, 2011. (Tr. 351-68, 2076-2103). Plaintiff appealed to the District Court and on October 25, 2018, the Court reversed and remanded the action to the

---

[1] Plaintiff also applied for a period of disability and disability insurance benefits, but those prior applications are not at issue here. (Doc. 19, p. 1, n. 1-2).

Commissioner for further proceedings. (Tr. 187-88). On November 26, 2018, the Appeals Council remanded the case to an administrative law judge for further administrative proceedings and vacated the prior final decision of the Commissioner. (Tr. 192-95).

On remand, ALJ Emily Kirk ("ALJ") held hearings on August 13, 2019, January 25, 2022, and May 10, 2022. (Tr. 42-133). On February 20, 2023, the ALJ found Plaintiff had not been under a disability since February 14, 2011, the date the application was filed. (Tr. 4-30). Plaintiff did not file exceptions with the Appeals Council and the Appeals Council did not assume jurisdiction. (Doc. 21, p. 3 (citing 42 U.S.C. § 1383(c)(3)); *see also* (Doc. 19, p. 3). Plaintiff then filed the instant action by Complaint (Doc. 1) on April 24, 2023. The case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### D.    Summary of ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 14, 2011, the application date. (Tr. 7). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical spine, thoracic spine, and lumbar spine, obesity, left carpal tunnel syndrome, gastroesophageal reflux disease, diverticulosis, nephrolithiasis and ureter stricture, peripheral neuropathy, migraines,

a generalized anxiety disorder, a panic disorder, a bipolar disorder/depressive disorder, and posttraumatic stress disorder." (Tr. 7). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 8).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 416.967(b) with these specific restrictions: she can never operate foot controls; she can frequently push/pull; she can stand and/or walk for four hours and sit for six hours in an eight-hour workday; she can occasionally balance (on uneven terrain), stoop, kneel, crouch, crawl, and climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can frequently reach, handle and finger bilaterally; she can tolerate no more than occasional exposure to temperatures under forty degrees Fahrenheit and above ninety degrees Fahrenheit; she can have no concentrated exposure to vibration or pulmonary irritants; she can tolerate no exposure to unprotected heights or dangerous moving machinery; she is limited to simple, one- to four-step tasks, performed repetitively; she can tolerate occasional interaction with the public, co-workers, and supervisors.

(Tr. 11).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a sales associate, fitness technician, fitness supervisor, ticket order

clerk, fast food worker, telemarketer, secretary, and telephone operator. (Tr. 27-28). At step five, the ALJ found that considering Plaintiff's age (37 years old on the date the application was filed), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 28). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1)  Office helper, DOT 239.567-010,[2] light, SVP 2

(2)  Collator, DOT 208.685.010, light, SVP 2

(3)  Router, DOT 222.587-038, light, SVP 2

(4)  Ampoule sealer, DOT 559.687-014, sedentary, SVP 2

(5)  Leaf tier, DOT 529.687-138, sedentary, SVP 1.

(Tr. 29). The ALJ concluded that Plaintiff had not been under a disability since February 14, 2011, the date the application was filed. (Tr. 29).

## II.   Analysis

On appeal, Plaintiff raises two issues:

(1)  Whether the ALJ failed to apply the correct legal standard to Dr. O'Farrill's opinion; and

(2)  Whether the ALJ failed to apply the correct legal standard to Dr. Borges's opinion.

The same legal standard applies to both issues.

---

[2] DOT refers to the *Dictionary of Occupational Titles*.

## A.    Legal Standard for Weight of Physician's Opinion

For disability cases filed before March 27, 2017[3] – such as this one – at step four, an ALJ must properly consider treating physicians, examining physicians, non-examining physician, and other source opinions, and weigh these opinions and findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician offers an opinion about the nature and severity of a claimant's impairments— including the claimant's symptoms, diagnosis, and prognosis; physical and mental restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence;

---

[3] For disability cases filed after March 27, 2017, new regulations apply and the ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. *See*   20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a).

(2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion:   (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

**B.    Nellie O'Farrill, M.D.'s Opinion**

Plaintiff contends that Dr. O'Farrill treated Plaintiff on July 23, 2021, September 28, 2021, and November 30, 2021. (Doc. 19, p. 7). Plaintiff claims that at these appointments Dr. O'Farrill found that Plaintiff was "moderately impaired," but also found Plaintiff's "symptoms cause clinically significant distress or impairment in social, occupational, and other essential functioning areas." (Doc. 19, p. 7; Tr. 1746). Plaintiff argues that the ALJ failed to even mention this opinion, let alone weigh it and this failure suggests that the elements of this opinion were not considered. (Doc. 19, p.7).

On July 23, September 28, and November 30, 2021, Dr. O'Farrill, who worked at Professional Psychiatric Services, treated Plaintiff and completed

Psychiatry Progress Notes. (Tr. 1747-50, 1757-61, 1762-65). In July 2021, Dr. O'Farrill conducted a mental status examination and found Plaintiff: oriented to person, place, and time; had an appropriate general appearance; was cooperative; had normal speech; had a tense mood; had a constricted affect; had good insight judgment, memory, attention, and concentration; had "flight of ideas" for a thought process; had poor thought content; had auditory and visual hallucinations; and had a moderately impaired functional status. (Tr. 1747). Dr. O'Farrill diagnosed Plaintiff with Bipolar I Disorder with current or most recent episode depression, moderate, generalized anxiety disorder, and post-traumatic stress disorder. (Tr. 1746). Dr. O'Farrill also found Plaintiff isolated herself, lacked motivation to socialize, and felt manipulated for many years by her religion. (Tr. 1746). Dr. O'Farrill then stated, "[t]he symptoms cause clinically significant distress or impairment in social, occupational, and other essential functioning areas." (Tr. 1746). Dr. O'Farrill continued Plaintiff on her current medication regimen to decrease psychiatric symptoms, maintain a stable mood, and improve life quality. (Tr. 1750).

At the September 28, and November 30, 2021 appointments, Dr. O'Farrill generally found Plaintiff's mental status examination results to be similar to the July 2021 visit except Plaintiff's mood was anxious. (Tr. 1758, 1763). In September, Dr. O'Farrill modified Plaintiff's medication to include medication for anxiety (Tr. 1760). Dr. O'Farrill justified the level of care by stating that Plaintiff exhibits

symptoms of an emotional disorder that interferes with day-to-day functioning and requires continued treatment. (Tr. 1760). In November, Plaintiff reported that the medication regimen was helping to decrease the psychiatric symptoms and helping to decrease her anxiety, anger, and mood swings. (Tr. 1763). Dr. O'Farrill found Plaintiff moderately improved from the previous visit. (Tr. 1765). At all three of these visits, Dr. O'Farrill found Plaintiff's "symptoms cause clinically significant distress or impairment in social, occupational, and other essential functioning areas." (Tr. 1746, 1757, 1762).

In the decision, the ALJ briefly discussed treatment from Professional Psychiatric Services where Dr. O'Farrill as well as other medical providers who treated Plaintiff worked:

> The claimant sought treatment from Professional Psychiatric Services. (Exhibit 31-F, 32-F, 39-F) Her functional status was described as "moderately impaired." (see, e.g., Exhibit 31-F, page 3) This opinion is somewhat non-specific as the provider did not define the term moderate; however, it is somewhat supported by the mental status examination findings from this source, including anxious, constricted affect and reported hallucinations and flight of ideas, but with consistently cooperative behavior, normal speech, good insight, judgment, memory, and concentration (Exhibit 31-F, 32-F, 39-F), and generally consistent with other psychiatric treatment notes establishing the presence of severe mental impairments, improved with treatment, but with some residual findings including anxious and depressed mood and inattention at times (Exhibits 10-F; 13-F; 15-F; 24-F; 41-F). The claimant's course of treatment, including conservative treatment and gaps in treatment, is also consistent with no more than moderate limitations. Accordingly, some weight has been given to the opinion.

(Tr. 22).

The Commissioner contends that even though the ALJ did not discuss Dr. O'Farrill's opinion, this omission was harmless. (Doc. 21, p. 6). The Commissioner argues that the ALJ's decision already accounts for Dr. O'Farrill's opinion that Plaintiff's "symptoms cause clinically significant distress or impairment in social, occupational, and other essential functioning areas." (Doc. 21, p. 6). The Commissioner claims that the ALJ found Plaintiff had limitations in every domain of mental functioning, found severe mental impairments, and assessed a highly restrictive mental RFC, limiting Plaintiff to simple, repetitive, one-to-four-step tasks and only occasional interaction with others. (Doc. 21, p. 6).

Similarly, the Commissioner contends that the ALJ weighed the Professional Psychiatric Services' opinion that Plaintiff was moderately impaired and afforded it some weight, and Dr. O'Farrill's opinion that her impairments were "clinically significant" is even less specific than the term "moderately impaired." (Doc. 21, p. 6). The Commissioner further claims that Dr. O'Farrill's opinion is so vague as to Plaintiff's actual functional limitations that remand to evaluate such an opinion would serve no purpose because it does not support a finding of even greater or different limitations that already assessed by the ALJ. (Doc. 21, p. 6).

In an unpublished opinion, the Eleventh Circuit rejected a position similar to that of the Commissioner here. In *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462,

465 (11th Cir. 2020), the plaintiff argued that the ALJ committed reversible error by failing to mention or assign weight to a doctor's handwritten note. The Court found that while an ALJ may decide to disregard an opinion of a treating physician upon a finding of good cause, an ALJ must clearly articulate his reasons for doing so. *Id.* (citing *Winschel*, 631 F.3d at 1179). The Court found that "where the ALJ made no mention of Dr. Garewal's opinion that Bailey was unable to work and failed to specify the weight given to that opinion, we cannot 'determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Winschel*, 631 F.3d at 1179). Even though some of the handwritten note was duplicative of information already considered by the ALJ and even though some of the opinion was on a matter reserved solely to the Commissioner, the Court stressed that the ALJ must consider all the claimed expert medical opinions in the record and must specify the weight, including no weight if applicable, given to each purported medical opinion and the reasons therefor. *Id.*

As in *Bailey*, the ALJ's failure to mention or assign weight to Dr. O'Farrill's opinion is reversible error. Dr. O'Farrill not only found that Plaintiff's symptoms were clinically significant, but also included diagnoses, prognoses, and symptoms for Plaintiff's mental impairments. (Tr. 1746-50, 1757-65). The Commissioner claims that the ALJ already accounted for Dr. O'Farrill's opinion in the RFC, but the Commissioner is attempting to provide post hoc rationalization for the ALJ's

failure to mention or weigh Dr. O'Farrill's opinion, which is impermissible. *See Bronson v. Comm'r of Soc. Sec.*, No. 6:22-vb-2078-RBD-LHP, 2023 WL 9064951, at *7 (M.D. Fla. Dec. 8, 2023), *report and recommendation adopted*, No. 6:22-cv-2078-RBD-LHP, 2024 WL 37727 (M.D. Fla. Jan. 3, 2024) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). For these reasons, substantial evidence does not support the ALJ's decision and remand is warranted.

### C.    Remaining Issue

Plaintiff also challenges whether the ALJ applied the correct legal standard to Ibem Borges, M.D.'s opinion. (Doc. 19, p. 10). Because this action is remanded to reconsider Dr. O'Farrill's opinion, on remand the Commissioner is directed to reconsider Dr. Borges's opinion, especially the portions of his opinion that were more restrictive than the RFC limitations.

### D.    Request to Award Benefits or Set Time Limit for Remand

Plaintiff requests that the Court reverse the case for an award of benefits. (Doc. 19, p. 14-16). Generally, when an ALJ's decision is not supported by the record, the action in remanded to the Commissioner for further proceedings. In limited circumstances, a district court may remand an action for an immediate award of benefits, including when the Commissioner has already considered the essential evidence and the cumulative effect of the evidence establishes disability or when a plaintiff suffers an injustice. *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262,

1270 (M.D. Fla. 2012) (citations omitted). In this case Plaintiff has not shown that the evidence clearly establishes disability or she suffers an injustice based on the delay. *See Beard v. Comm'r of Soc. Sec.*, No. 6:20-cv-2332-LHP, 2022 WL 4310011, at *7, n.7 (M.D. Fla. Sept. 19, 2022) Thus, remand for further consideration of the evidence is warranted.

Alternatively, Plaintiff also requests that if the action is remanded, then the Court set a reasonable time limit of 120 days be imposed on the Commissioner to complete the administrative proceeding. (Doc. 19, p. 16). The Court finds this request well taken. *Beard*, 2022 WL 4310011, at *8 (collecting cases). Plaintiff filed the original application in February 2011 and has not had a proper adjudication on the merits of her application. Thus, the Court will require the Commissioner to complete the remanded administrative proceedings within 120 days.

### III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the opinions of Dr. O'Farrill and Dr. Borges as well as all pertinent evidence of record, hold a hearing if necessary, and issue a new decision. The Commissioner is further directed to complete the remand proceedings within 120 days from the date of this Order. The

Case 6:23-cv-00743-DNF   Document 23   Filed 06/27/24   Page 17 of 17 PageID 2206

Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on June 27, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 17 -